UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| AMANDA MCBRIDE,<br><br>　　　　　　　Plaintiff,<br><br>　v.<br><br>CENTRAL WASHINGTON HEALTH SERVICES ASSOCIATON, a Washington public benefit corporation, and CENTRAL WASHINGTON HOSPITAL, a Washington non-profit corporation,<br><br>　　　　　　　Defendants. | NO: 2:16-CV-243-RMP<br><br>ORDER GRANTING STIPULATED MOTION FOR PROTECTIVE ORDER |

BEFORE THE COURT is the parties' motion for entry of a stipulated "Protective Order Regarding Confidentiality," ECF No. 56. Having reviewed the protective order and the remaining record, the Court finds good cause to grant the motion and enter the protective order.

Accordingly, **IT IS HEREBY ORDERED** that the parties' Stipulated Motion for Entry of Protective Order, **ECF No. 56**, is **GRANTED**. The protective order in effect is set forth below.

ORDER GRANTING STIPULATED MOTION FOR PROTECTIVE ORDER ~ 1

# PROTECTIVE ORDER

## 1. PURPOSES AND LIMITATIONS

Discovery in this action is likely to involve production of confidential, proprietary, commercially valuable, or private information for which special protection may be warranted. Disclosure of such confidential information may cause financial or competitive harm to one or all Parties. Accordingly, the parties hereby stipulate to and petition the Court to enter the following Stipulated Protective Order.

## 2. DESIGNATED MATERIAL

2.1 "Designated Material" shall include the documents, tangible items, or testimony produced, elicited, or otherwise exchanged in this action which the party producing or disclosing such material (the "Designating Party") designates as "Confidential.". Designated Material may include, but is not limited to, names and contact information of patients and employees; personnel information related to non-parties; information maintained as confidential during the normal course of business related to sales, pricing, revenue, strategy and other commercial interests; and medical records.

2.2 Designated Material marked "Confidential" shall include any document, file, portion of file, transcribed testimony, or other material that the Designating Party in good faith reasonably believes comprises confidential information related to patients, employees, commercial interests, or other

information that could cause commercial, professional, or personal harm through disclosure.

3. <u>SCOPE</u>

The protections conferred by this Order cover not only Designated Material (as defined above), but also (1) any information copied or extracted from Designated Material; (2) all copies, excerpts, summaries, or compilations of Designated Material; and (3) any testimony, conversations, or presentations by parties or their counsel that might reveal Designated Material. However, the protections conferred by this Order do not cover information that is in the public domain or becomes part of the public domain through trial or otherwise; provided that Designated Material that become public through violation of this Order will continue to be protected by the Order.

4. <u>ACCESS TO AND USE OF DESIGNATED MATERIAL</u>

4.1 <u>Basic Principles</u>. A receiving party may use Designated Material that is disclosed or produced by another party or by a non-party in connection with this case only for prosecuting, defending, or attempting to settle this litigation. Designated Material may be disclosed only to the categories of persons and under the conditions described in this Order. Designated Material must be stored and maintained by a receiving party at a location and in a secure manner that reasonably ensures that access is limited to the persons authorized under this Order.

ORDER GRANTING STIPULATED MOTION FOR PROTECTIVE ORDER ~ 3

4.2 <u>Disclosure of "Confidential" Information or Items</u>. Unless otherwise ordered by the Court or permitted in writing by the Designating Party, material designated as "Confidential" may be disclosed only to the following persons:

(a) the receiving party;

(b) the receiving party's counsel of record in this action, as well as employees of counsel to whom it is reasonably necessary to disclose the information for this litigation;

(c) the officers, directors, and employees (including in-house counsel) of the receiving party to whom disclosure is reasonably necessary for this litigation;

(d) experts and consultants to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(e) the Court, court personnel, and court reporters and their staff;

(f) copy or imaging services retained by counsel to assist in the duplication of Designated Material, provided that counsel for the party retaining the copy or imaging service instructs the service not to disclose any Designated Material to third parties and to immediately return all originals and copies of any Designated Material;

(g) during their depositions, witnesses in the action to whom disclosure is reasonably necessary and who have signed the "Acknowledgment and

Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the Designating Party or ordered by the court. Pages of transcribed deposition testimony or exhibits to depositions that reveal Designated Material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Order;

        (h)    the author or recipient of a document containing the information or anyone shown on the document as having received it in the ordinary course of business.

    4.3    <u>Filing Designated Material</u>. Before filing Designated Material or discussing or referencing such material in court filings, the filing party shall confer with the Designating Party to determine whether the Designating Party will remove the confidential designation, whether the document can be redacted, or whether a motion to seal or stipulation and proposed order is warranted.

5. <u>DESIGNATING PROTECTED MATERIAL</u>

    5.1    <u>Exercise of Restraint and Care in Designating Material for Protection</u>. Each party or non-party that designates information or items for protection under this agreement must take care to limit any such designation to specific material that qualifies under the appropriate standards. The Designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify, so that other portions of the material, documents,

items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this agreement.

Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (*e.g.*, to unnecessarily encumber or delay the case development process or to impose unnecessary expenses and burdens on other parties) expose the Designating Party to sanctions.

If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection, the Designating Party must promptly notify all other parties that it is withdrawing the mistaken designation.

5.2 <u>Manner and Timing of Designations</u>. Except as otherwise provided in this Order, or as otherwise stipulated or ordered, disclosure or production of discovery material that qualifies for protection under this Order must be clearly so designated before or when the material is disclosed or produced.

(a) <u>Information in documentary form</u> (*e.g.*, paper or electronic documents and deposition exhibits, but excluding transcripts of depositions or other pretrial or trial proceedings): the Designating Party must affix the words "CONFIDENTIAL" to each page that contains Designated Material. If only a portion or portions of the material on a page qualifies for protection, the Designating Party also must clearly identify the protected portion(s) (*e.g.*, by making appropriate markings in the margins).

1         (b)    <u>Testimony given in deposition or in other pretrial proceedings</u>:
the parties and any participating non-parties must identify on the record, during the deposition or other pretrial proceeding, all protected testimony, without prejudice to their right to so designate other testimony after reviewing the transcript. Any party or non-party may, within fifteen days after receiving the transcript of the deposition or other pretrial proceeding, designate portions of the transcript, or exhibits thereto, as Designated Material. Prior to the expiration of the fifteen-day period, the entire deposition transcript shall be treated as "CONFIDENTIAL." If a party or non-party desires to protect Designated Material at trial, the issue should be addressed during the pre-trial conference.

        (c)    <u>Other tangible items</u>: the Designating Party must affix in a prominent place on the exterior of the container or containers in which the information or item is stored the word "CONFIDENTIAL." If only a portion or portions of the information or item warrant protection, the Designating Party, to the extent practicable, shall identify the protected portion(s).

    5.3    <u>Failures to Designate</u>. A failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material. Upon receiving notice of a designation of material as "CONFIDENTIAL," even if sometime later than the information was originally produced or disclosed, the receiving party must make

reasonable efforts to ensure that the material is treated in accordance with the provisions of this Order.

6. CHALLENGING CONFIDENTIALITY DESIGNATIONS

6.1 <u>Timing of Challenges</u>. Any party or non-party may challenge a designation of confidentiality at any time. Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

6.2 <u>Meet and Confer</u>. The parties must make every attempt to resolve any dispute regarding confidential designations without Court involvement. Any motion regarding confidential designations or for a protective order must include a certification, in the motion or in a declaration or affidavit, that the movant has engaged in a good faith meet and confer conference with other affected parties in an effort to resolve the dispute without Court action. The certification must list the date, manner, and participants to the conference. A good faith effort to confer requires a face-to-face meeting or a telephone conference.

6.3 <u>Judicial Intervention</u>. If the parties cannot resolve a challenge without Court intervention, the Designating Party may file and serve a motion to retain confidentiality. The burden of persuasion in any such motion shall be on the

Designating Party. Frivolous challenges, and those made for an improper purpose (*e.g.*, to harass or impose unnecessary expenses and burdens on other parties) may expose the challenging party to sanctions. All parties shall continue to maintain the material in question as confidential until the Court rules on the challenge.

7. <u>PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION</u>

If a party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this action as "CONFIDENTIAL," that party must:

    (a) promptly notify the Designating Party in writing and include a copy of the subpoena or court order;

    (b) promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Order. Such notification shall include a copy of this Order; and

    (c) cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Designated Material may be affected.

8. <u>UNAUTHORIZED DISCLOSURE OF DESIGNATED MATERIAL</u>

If a receiving party learns that, by inadvertence or otherwise, it has disclosed Designated Material to any person or in any circumstance not authorized under this Order, the receiving party must immediately (a) notify in writing the Designating

Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the protected material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request that such person or persons execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

9. <u>INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL</u>

When a producing party gives notice to receiving parties that certain inadvertently-produced material is subject to a claim of privilege or other protection, the obligations of the receiving parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B). This provision is not intended to modify whatever procedure may be established in an e-discovery order or agreement that provides for production without prior privilege review. The parties agree to the entry of a non-waiver order under Fed. R. Evid. 502(d) to the extent applicable.

10. <u>TERMINATION OF LITIGATION AND RETURN OF DOCUMENTS</u>

Within 60 days after the termination of this action, including all appeals, each receiving party must return all Designated Material to the producing party, including all copies, extracts, and summaries thereof. Alternatively, the parties may agree upon appropriate methods of destruction.

Notwithstanding this provision, counsel are entitled to retain one archival copy of all documents filed with the Court, trial, deposition, and hearing

transcripts, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Designated Material.

The confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court orders otherwise.

**IT IS SO ORDERED**. The District Court Clerk is directed to enter this Order and provide copies to counsel.

**DATED** December 6, 2017.

*s/ Rosanna Malouf Peterson*
ROSANNA MALOUF PETERSON
United States District Judge

ORDER GRANTING STIPULATED MOTION FOR PROTECTIVE ORDER ~ 11